# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|                                                  |   |                        |
|--------------------------------------------------|---|------------------------|
| JOHN C. MARTIN,                                  | * |                        |
|   Plaintiff                                      | * |                        |
|   v.                                             | * | CIVIL NO. JKB-13-1962  |
| JANET NAPOLITANO,                                | * |                        |
| Secretary, Dep't of Homeland Security,           | * |                        |
|   Defendant                                      |   |                        |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

### *I. Background*

This complaint of employment discrimination was filed by John C. Martin against Janet Napolitano, Secretary of the Department of Homeland Security ("Department"). Martin complains of Defendant's alleged failure to promote him and give him incentive bonuses, alleged gender discrimination, and an allegedly hostile work environment during the time Martin was employed as a Master Behavior Detection Officer with the Department's Transportation Security Administration ("TSA") at Baltimore Washington International Airport ("BWI"). (Compl., ECF No. 1.) Defendant has moved to dismiss Martin's complaint under Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies and under Rule 12(b)(6) for failure to state a claim; alternatively, Defendant has moved for summary judgment. (ECF No. 12.) Martin's request for an extension of time to respond to Defendant's motion was granted (ECF Nos. 11, 13), but his submission to the Court, when finally filed, was significantly late and provided no explanation for its tardiness and no request for leave to file out of time; consequently, his response was stricken (ECF No. 17) and, to date, the Court has not received

any further motion for leave to file out of time. No hearing is necessary. Local Rule 105.6 (D. Md. 2011). The motion to dismiss under Rule 12(b)(1) and (6) will be granted, and the Court will not consider the alternative motion under Rule 56.

## II. Standard for Dismissal under Rule 12(b)(1)

The burden of proving subject-matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting challenge may be either facial, *i.e.*, complaint fails to allege facts upon which subject-matter jurisdiction can be based, or factual, *i.e.*, jurisdictional allegations of complaint are not true). *See also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (same); *Richmond, Fredericksburg & Potomac Ry. Co.*, 945 F.2d 765, 768 (4th Cir. 1991) (same). In the case of a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

## III. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556

2

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## IV. Analysis

### A. Exhaustion

A plaintiff's failure to exhaust administrative remedies for a Title VII claim deprives federal courts of subject-matter jurisdiction over the claim. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). "'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'" *Id.* at 300 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir.1996)). Stated differently, if the claims made in a judicial complaint are reasonably related to a plaintiff's administrative charge and if they can be expected to follow from a reasonable administrative investigation, then those claims may be included in the subsequent lawsuit. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The description of the conduct in the administrative charge must parallel the conduct described in the judicial complaint. *See Chacko v. Patuxent Institution*, 429 F.3d 505, 506 (4th Cir. 2005) ("We hold that a plaintiff fails to exhaust his administrative remedies where, as here, his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit."). In the particular context of a discrimination charge against a federal agency, a plaintiff must first present his complaint to his employing agency. 42 U.S.C. § 2000e-16(c).

Because Defendant has challenged Martin's exhaustion of his claims—and therefore has challenged the Court's subject-matter jurisdiction—it is incumbent upon Martin to show that all

claims he now presents in this suit were fairly presented to the Department. Martin claims he filed an Equal Employment Opportunity Commission ("EEOC") charge "regarding the Defendant's discriminatory conduct" on May 18, 2011. (Compl. ¶ 32.) He does not, however, provide the substance of that charge and it is, consequently, impossible for the Court to compare his administrative charge to his present judicial complaint. The best evidence of what he alleged in his administrative charge is an attachment to his complaint; it is the EEOC's denial of reconsideration of its earlier decision affirming the Department's finding that Martin was not subjected to harassment based on sex. (*Id.* Attachment.) Additionally, Defendant has attached to its motion an affidavit of Martin that apparently was part of the investigative process on his administrative charge. (Def.'s Mot. Ex. 1 at 97.) In his affidavit, Martin states his understanding that the Department had accepted for investigation the question of whether he "was subjected to a hostile work environment based on sex (male) . . . ." (*Id.*) Martin has provided no proof that he made an administrative charge for anything other than hostile work environment due to his gender.

The Court concludes Martin has exhausted a claim of hostile work environment based on his gender. His claims of failure to be promoted, failure to be given incentive bonuses, and any claim of discrimination other than hostile work environment have not been exhausted and are not properly before the Court.

### B. *Failure to State a Claim for Relief*

A Title VII claim for hostile work environment requires the establishment of four elements: "(1) unwelcome conduct, (2) based on [plaintiff's] gender, (3) sufficiently pervasive or severe to alter the conditions of employment and to create a hostile work environment, and (4) some basis for imputing liability to [plaintiff's employer]." *Matvia v. Bald Head Island*

*Management, Inc.*, 259 F.3d 261, 266 (4th Cir. 2001).  Martin's factual allegations fall short of a plausible claim of hostile work environment based on his gender.

In considering the sufficiency of Martin's complaint, the Court notes that the Fourth Circuit has spoken disapprovingly of evaluating a claim of hostile work environment based on allegations of discrete acts of discrimination or retaliation.  *See Chacko*, 429 F.3d at 511 n.2 ("discrete acts of discrimination, failure to promote and retaliatory demotion[ ] . . . are clearly not allegations of a hostile work environment").  Consequently, the Court will focus its analysis on allegations that do not relate to discrete acts of discrimination or retaliation.

Viewed in the light most favorable to Martin, his complaint alleges that he was banned "from certain areas of the airport, making the Defendant [*sic*] avoid other female employees by having to go outside in all types of weather in order to traverse the airport.  Such treatment was not given to the female employees nor any other employee of the Defendant."  (Compl. ¶ 8.)  Later in his complaint, Martin's allegations indicate that his allegedly unfair treatment was based upon complaints by one female TSA employee about Martin.  (*Id.* ¶¶ 12, 15, 17, 19, 21, 22, 24, 26.)  The Court infers that the female employee's complaints about Martin are related to criminal charges that were ultimately resolved in Martin's favor in Maryland state court.  (*Id.* ¶ 20.)

Banishment from certain areas of the airport is a discrete act and, in itself, not properly considered as a hostile work environment.  However, the result of that banishment was the alleged necessity for Martin to traverse between various points in the airport by having to go outside in all types of weather.  But Martin has not alleged when or how often he had to resort to outdoor pathways to get to other parts of the airport, and it is not possible to infer that this happened so frequently that it was sufficiently severe or pervasive to have altered the conditions of his employment.  Even if one assumes that this imposition was frequent, Martin's allegations

5

still do not permit an inference that he was subjected to the consequences of the banishment because he is a male. That he happens to be a male is not conclusive on this point. Similarly, that the employee who complained about him happens to be a female is equally inconclusive. Indeed, his complaint undercuts his claim when he alleges that no other employee of the Defendant was treated as he was treated. (*Id.* ¶ 8.)

Martin makes one other allegation seemingly designed to support his claim of hostile work environment:

> That the Plaintiff was further subjected to humiliation while attempting to conduct his work requirements when the female TSA Officer would make statements regarding the Plaintiff out loud to other employees, said statements were heard by the Plaintiff as well as other TSA employees and the general public.

(*Id.* ¶ 23.) Nothing in this allegation permits an inference that the unknown statements by the TSA officer were based on Martin's gender or that they were severe or pervasive. Martin's complaint fails to state a claim for relief.

## *V. Conclusion*

The Court concludes that Martin's complaint presents one exhausted claim of hostile work environment. Considering that claim, the Court further concludes that the complaint fails to state a claim for relief and will be dismissed by separate order.

DATED this 9th day of April, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge