IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOHN C. MARTIN, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-1962 |
| JANET NAPOLITANO,<br>Secretary, Dep't of Homeland Security, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's motion for reconsideration (ECF No. 20) and motion for leave to file opposition to Defendant's already-granted motion to dismiss (ECF No. 21). The Court has considered these motions and Defendant's opposition thereto. (ECF Nos. 22, 23.) No replies were filed. The motions are unmeritorious and will be denied.

As the Fourth Circuit has pointed out, "The Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). The Fourth Circuit has iterated the standard for consideration of a Rule 59(e) motion to alter or amend a judgment:

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which

could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."

*Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). Filed within nine days of dismissal, Martin's motion is considered under Rule 59(e).

Martin has failed to satisfy the standard for granting a Rule 59(e) motion. Most of his claims of employment discrimination were found by the Court to be unexhausted, and his one exhausted claim failed to state a cognizable claim for relief based on the inadequacy of his complaint's factual allegations. He argues that the Court should have considered his late-filed opposition, which was stricken as untimely and as unsupported by a motion setting forth good cause for the Court to permit its late filing. His current motion for leave to file his opposition out of time still demonstrates a lack of good cause, but the Court has considered his opposition anyway in relation to whether he presents any reasonable ground for alteration or amendment of the judgment of dismissal. He does not. Nothing in his opposition provides reason to conclude the Court erred in its judgment, and he provides nothing to show either an intervening change in controlling law or newly discovered evidence. Accordingly, Martin's motions are DENIED.

DATED this 21st day of May, 2014.

BY THE COURT:

_/s/_
James K. Bredar
United States District Judge